# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMERICAN HEALTH FOUNDATION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IOWA DEPARTMENT OF HUMAN SERVICES and CHARLES M. PALMER, Director,<br><br>　　　　Defendants. | No. 16-CV-168-LRR<br><br>**ORDER** |
| IOWA DEPARTMENT OF HUMAN SERVICES and CHARLES M. PALMER, Director,<br><br>　　　　Counter Claimants,<br><br>vs.<br><br>AMERICAN HEALTH FOUNDATION,<br><br>　　　　Counter Defendant. | |

_____

This matter comes before the court on its own motion. On September 12, 2017, the court received an *ex parte* communication from Katie Van Lake, counsel for Plaintiff American Health Foundation. As a result, the court entered an Order (docket no. 49) directing counsel to cease all *ex parte* contacts with the court. On September 14, 2017, the court received a missed call from Ms. Lake's phone number. The court then received another call from Ms. Lake, during which she was warned about contacting the court *ex parte* and directed to the Clerk's Office.

Counsel is again warned that *ex parte* communications with the court are prohibited by the rules of legal ethics. *See* Iowa R. Prof'l Conduct 3.5. Any additional *ex parte* contacts will result in the court issuing an order directing counsel to show cause as to why

she should not be sanctioned. *See Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) (noting that the court's "inherent powers include the ability to supervise and discipline attorneys who appear before it and discretion to fashion an appropriate sanction for conduct which abuses the judicial process") (internal quotation marks omitted) (quoting *Wescott Agri-Prods. Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012)). Accordingly, counsel is again **DIRECTED** to cease all *ex parte* contacts with the court.

**IT IS SO ORDERED.**

**DATED** this 15th day of September, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA